876 F.2d 1008
 278 U.S.App.D.C. 130
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Stephen SEMPLE, Appellant.
 No. 88-3009.
 United States Court of Appeals, District of Columbia Circuit.
 June 21, 1989.
Rehearing En Banc Denied Aug. 28, 1989.
 
 Before MIKVA, HARRY T. EDWARDS and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from a judgment of conviction entered by the United States District Court for the District of Columbia and on briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, that the judgment of the district court filed January 21, 1988, be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Stephen Semple, also known as Sunrise Harmony, appeals his conviction for violating regulations that prohibit camping in certain National Park areas. Appellant maintained a nearly continuous vigil in Lafayette Park to protest the nation's nuclear armament and other policies, and was convicted of "the use of park land for living accommodation purposes," prohibited by 36 C.F.R. Sec. 7.96(i) (1988). See United States v. Semple, Crim. No. 87-0466-LFO (D.D.C. Dec. 8, 1988). The district court sentenced appellant to two years of probation. Id. Appellant asserts that his religious beliefs underlie his opposition to nuclear arms and impelled his vigil, and he argues on appeal principally that his punishment unconstitutionally burdened his First Amendment right to exercise and communicate his religious beliefs. We disagree and affirm the conviction.
 
 
 5
 We assume that appellant's sincere religious beliefs prompted his actions. So construed, the vigil constitutes both communication and practice of those beliefs. Even so characterized, however, appellant's actions are subject to reasonable time, place, and manner restrictions. See, e.g., Heffron v. International Society for Krishna Consciousness, Inc., 452 U.S. 640, 647-48 (1981); Cox v. New Hampshire, 312 U.S. 569 (1941). Heffron indicates that the religious nature of the expression does not alter this conclusion. In that case, the Court considered a challenge to a Minnesota State Fair regulation that confined sales, literature distribution, and fund solicitation to booths established on the fair grounds. The International Society for Krishna Consciousness, Inc. (ISKCON) claimed that the regulation unconstitutionally interfered with the dissemination of ISKCON's views and with the religious ritual of Sankirtan, "which enjoins its members to go into public places to distribute or sell religious literature and to solicit donations for the support of the Krishna religion." Id. at 645. The Court upheld the regulation as a reasonable time, place, and manner restriction on activity protected by the First Amendment. Id. at 647-55.
 
 
 6
 The test for such time, place, and manner restrictions is well established. The court will uphold such restrictions " 'provided that they are justified without reference to the content of the regulated speech, that they serve a significant government interest, and that in doing so they leave open ample alternative channels for communication of the information.' " Id. at 648 (quoting Virginia Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 771 (1976)); see also Clark v. Community for Creative Non-Violence (CCNV), 468 U.S. 288, 293 (1984).
 
 
 7
 Clark v. CCNV, 468 U.S. at 288, indicates that the challenged camping regulation is a valid time, place, and manner restriction. Clark scrutinized an earlier and essentially similar version of the regulation challenged in this case. See United States v. Thomas, 864 F.2d 188 (D.C.Cir.1988). As in Clark, no showing exists that the regulation was enforced in a discriminatory manner, see United States v. Semple, No. 87-0466, Mem.Op. at 5-6 (D.D.C. Dec. 8, 1988), and, on its face, the regulation clearly does not regulate according to the content of any expression incidentally restricted. Clark establishes that the regulation appropriately advances a significant government interest: "[T]he regulation narrowly focuses on the Government's substantial interest in maintaining the parks in the heart of our Capital in an attractive and intact condition, readily available to the millions of people who wish to see and enjoy them by their presence." 468 U.S. at 296. Finally, it is clear that the Park Service regulations allow appellant and others ample opportunity to communicate and practice their religious beliefs. Cf. id. at 295.
 
 
 8
 Appellant raises in passing other arguments that are similarly unavailing. Appellant argues that the governmental interest does not justify restricting the time, place, or manner of appellant's expression, given the particular, undestructive nature of appellant's vigil. Yet the controlling cases indicate that the court need not subject the regulation to a case-by-case balancing of government interest against restrictions placed upon particular speakers or religious adherents, nor require that the regulation contain exemptions for particular types of expression. See Clark, 468 U.S. at 296-97 ("[T]he validity of this regulation need not be judged solely by reference to the demonstration at hand."); Heffron, 452 U.S. at 652-53. Finally, appellant's claims regarding mental state are foreclosed by both the burden of the evidence reviewed by the district court, see United States v. Semple, Crim.No. 87-0466, Order at 1-2; id., Mem.Op. at 1-3, 6-8, and by the language of the regulation itself. See 36 C.F.R. Sec. 7.96(i)(1) ("The above-listed activities constitute camping ... regardless of the intent of the participants or the nature of any other activities in which they may also be engaging.").